IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALFRED M. HOLMES,<br><br>Defendant. | Case No. 2:18-cr-7 |

**OPINION & ORDER**

Before the Court is Defendant Alfred M. Holmes's "Emergency Motion for Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), or, in the Alternative, a Recommendation for Home Confinement" (ECF No. 31). For the reasons stated below, the motion is **DENIED**.

**I.   BACKGROUND**

On October 31, 2018, the Honorable Henry Coke Morgan, Jr. sentenced the defendant to 120 months of incarceration for Transportation in Interstate Commerce for Prostitution, in violation of 18 U.S.C. § 2421(a). ECF No. 23; *see* ECF No. 26 (Judgment). The defendant filed his motion for compassionate release on October 2, 2020. ECF No. 31. The matter was reassigned twice before it came before this Court.

**II.   LEGAL STANDARD**

   **A.   Exhaustion**

Before a district court may consider a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the defendant must exhaust their administrative rights to appeal failure by the Federal Bureau of Prisons (BOP) to bring a motion on the

defendant's behalf. 18 U.S.C. § 3582(c)(1)(A). Alternatively, once 30 days have passed after the defendant requested relief from the warden of their facility, the defendant may file a motion with the court as though they had exhausted their administrative remedies. *Id.*; *see United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021).

### B.     Merits

A court may modify a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction and . . . that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission." *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (cleaned up). Courts in this district have generally considered the defendant's arguments regarding extraordinary and compelling reasons for sentence reduction first, then balanced the outcome of that analysis against the sentencing factors in Section 3553(a). *E.g.*, *United States v. Ogun*, No. 4:12-cr-4, 2023 WL 2207114, at *7 (E.D. Va. Feb. 24, 2023); *United States v. Nurani*, No. 2:11-cr-34-3, 2023 WL 2058649, at *3 (E.D. Va. Feb. 16, 2023).

The Sentencing Commission has promulgated a policy statement that provides a non-exhaustive list of extraordinary and compelling reasons for reducing a sentence, including "the medical circumstances of the defendant." U.S.S.G. § 1B1.13(b)(1). The policy statement provides that extraordinary and compelling reasons exist in several circumstances related to physical health, including where:

> . . . (i) The defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an

2

  ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

  (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

  (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G § 1B1.13(b)(1)(D)(i–iii).

### III. ANALYSIS

#### A. Exhaustion

The defendant represents that he filed a request for compassionate release on April 4, 2020, with the warden of the facility where he was then housed, and that the warden did not respond to that request. ECF No. 31 at 15. The defendant waited 181 days to file his motion after initially requesting that the warden do so. Therefore, the defendant has satisfied the threshold requirement to submit his request to the Court. 18 U.S.C. § 6582(c)(1)(A); *Muhammad*, 16 F.4th at 131.

#### B. Merits

The defendant argues that the health risk posed by the COVID-19 pandemic, combined with his particular susceptibility to infection and serious disease, constitute extraordinary and compelling reasons that warrant converting his remaining term of incarceration to home confinement. ECF No. 31 at 19 (request for relief). The defendant has Human Immunodeficiency Virus (HIV), which places him at

heightened risk of serious illness or death due to COVID-19.[1] At the time the defendant filed his motion, he was incarcerated at FCI Gilmer. Just 188 of 1,287 inmates at his facility had been tested for COVID-19, but there were already ten confirmed active cases, and six incarcerated individuals had already contracted the virus and recovered. ECF No. 31 at 12. At least one individual incarcerated at FCI Gilmer died of COVID-19 during the pandemic.[2] If the motion had come before this Court when it was filed in 2020, it is likely that the Court would have granted the defendant compassionate release.

Today, the defendant is housed at RRM Baltimore—a Residential Reentry Management field office, better known as a halfway house.[3] His "personal health risk factors" still include HIV.[4] And while the COVID-19 "public health emergency" is no longer "ongoing," U.S.S.G § 1B1.13(b)(1)(D)(i),[5] the Court is cognizant that the virus

---

[1] Centers for Disease Control and Prevention (CDC), *Underlying Conditions and the Higher Risk for Severe COVID-19*, https://www.cdc.gov/covid/hcp/clinical-care/underlying-conditions.html (last visited October 18, 2024) (aggregating studies).

[2] BOP, *Inmate COVID-19 Data*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Oct. 18, 2024).

[3] BOP, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Oct. 18, 2024).

[4] CDC, *Treating HIV*, https://www.cdc.gov/hiv/treatment/index.html (last visited Oct. 18, 2024) (There is no cure for HIV . . . .").

[5] *See* U.S. Department of Health and Human Services, *HHS Secretary Xavier Becerra Statement on End of the COVID-19 Public Health Emergency*, https://www.hhs.gov/about/news/2023/05/11/hhs-secretary-xavier-becerra-statement-on-end-of-the-covid-19-public-health-emergency.html (last visited Oct. 18, 2024).

is still present and is most dangerous to immunocompromised individuals.[6] However, the defendant is no longer "at increased risk of suffering severe medical complications or death" from COVID-19 "due to [his] . . . custodial status." U.S.S.G. § 1B1.13(b)(1)(D)(ii).[7] Therefore, the Court does not find "extraordinary and compelling reasons" to reduce the defendant's sentence at this time, 18 U.S.C. § 3582(c)(1)(A)(i), and it concludes that a reduction would not be "consistent with" the Sentencing Commission's policy statement, *Hargrove*, 30 F.4th at 194. Because failure on these two points counsels against compassionate release, the Court will not engage with the sentencing factors.

### IV.   CONCLUSION

Defendant Alfred M. Holmes's "Emergency Motion for Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), or, in the Alternative, A Recommendation for Home Confinement" (ECF No. 31) is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Jamar K. Walker

Norfolk, Virginia
October 21, 2024

Jamar K. Walker
United States District Judge

---

[6] *See* n.1, *supra*.

[7] *See* Maryland Department of Health, *Maryland COVID-19 Data*, https://health.maryland.gov/covid/Pages/Maryland-COVID-19-Data.aspx (last visited Oct. 18, 2024).